IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AUTO-OWNERS INSURANCE )
COMPANY, )
                                )
            Plaintiff, )
                                )
       v. )    1:06CV827
                                )
KOMATSU AMERICA CORP. )
and KOMATSU AMERICA )
WARRANTY CORP., )
                                )
           Defendant. )

**MEMORANDUM OPINION AND ORDER**

**SHARP, Magistrate Judge**

This matter comes before the Court on a motion by Defendants Komatsu America Corp. and Komatsu America Warranty Corp. (collectively, "Komatsu") to dismiss Plaintiff's Second, Third, Fourth and Fifth Claims for Relief (Pleading No. 8.) Plaintiff has opposed the motion in part and Komatsu has filed a reply. The motion is ready for a ruling.

**Procedural History**

On or about August 7, 2006, Plaintiff filed a Complaint in the Superior Court of the State of North Carolina for Alamance County, alleging six claims for relief against Defendants: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4)

products liability; (5) negligence; and (6) breach of contract. Plaintiff sought damages for the total loss of an excavator purchased by Plaintiff and insured for approximately $130,000. Plaintiff served Defendants with the Summons and Complaint on August 25, 2006.

Defendants removed the action to this Court on September 25, 2006, based on diversity of citizenship jurisdiction. (Pleading No. 1.) Defendants now move to dismiss Claims Two and Three of Plaintiff's Complaint for failure to state a claim based upon the disclaimer contained in the express warranty, and Counts Four and Five of the Complaint on grounds that Plaintiff has no alternative product liability or tort claim for loss of or injury to the excavator itself. (Pleading No. 8.) Plaintiff has not opposed the motion with respect to Counts Four and Five of the Complaint. Plaintiff opposes dismissal of Counts Two and Three on grounds that the language contained in the express warranty is insufficient to exclude other warranty and breach of contract claims.

**Factual Background**

Plaintiff seeks to recover on several subrogation-related claims for property insurance payments it made to its insured, the owner of a Komatsu excavator that was destroyed by fire on or about June 27, 2003. (Compl. ¶ 13.) As a result of the fire, Plaintiff's insured made a claim for property damage with Plaintiff and Plaintiff paid the claim, thereby becoming subrogated to the rights of its insured. (*Id.* ¶ 20.)

Plaintiff attached the affidavit of Alex M. Vidakovic to its Complaint. In that affidavit, Mr. Vidakovic, the Manager of Product Integrity for Komatsu America Corp.,

-2-

identified the Komatsu Product Warranty ("the Warranty") applicable to the excavator. Copies of the warranty and Plaintiff's insured's Acknowledgment of Receipt of the Warranty are attached as exhibits to Mr. Vidakovic's affidavit. (*Id.* Exs. A and B.)

The express warranty provided to Plaintiff's insured for the excavator contains the following language:

> The foregoing warranty is exclusive and in lieu of all other express, statutory and implied warranties applicable to Machines, Engines, or Parts including without limitation, ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR USE OR PURPOSE.
>
> . . . .
>
> These warranties, together with the express commercial warranties, are the sole warranties of Komatsu. THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OR OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

(Ex. A at 1, 3.)

## Discussion

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Such motions are granted only when, taking plaintiff's allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [Plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *DeSole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (quoting *Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir. 1983)). The Supreme Court has

interpreted Rule 8 as requiring only "notice pleading," so that a defendant need only receive from the complaint fair notice of the claim and the ground on which the claim rests. *Conley*, 355 U.S. at 47. *Pro se* complaints are entitled to particularly liberal construction. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).

Notwithstanding this generally liberal approach, a plaintiff's pleading obligations in federal court, while minimal, are not toothless. "[I]t is the plaintiff's burden to take the step which brings his case safely into the next phase of litigation." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988). Plaintiff must allege facts, either directly or indirectly, that satisfy each element required to recover under some actionable legal theory. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir. 2002). Documents attached to the pleadings are considered part of the pleadings and may be considered by the court without converting a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 10(c); 2 James W. Moore, *et al.*, *Moore's Federal Practice* § 12.34[2] (3d ed. 2003).

Under the Uniform Commercial Code as adopted in North Carolina, a seller providing an express warranty for its product may incorporate language excluding or limiting any implied warranties. Such a limitation or exclusion will be effective, provided that it is in writing, is conspicuous and, to the extent that it seeks to exclude a warranty of merchantability, specifically mentions merchantability. N.C. Gen. Stat. § 25-2-316(2). A term or clause is conspicuous when it is written so that a reasonable person against whom it is to operate ought to have noticed it. *Id.* § 25-1-201(b)(10). Language in a form is

-4-

conspicuous if it is in a larger or other contrasting type or color. *Id.* In any event, whether a term or clause is conspicuous is a decision for the court. *Id.*

Komatsu's express warranty to Plaintiff's insured provides:

> The foregoing warranty is exclusive and in lieu of all other express, statutory and implied warranties applicable to Machines, Engines, or Parts including, without limitation, ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR USE OR PURPOSE.
>
> . . . .
>
> These warranties, together with the express commercial warranties, are the sole warranties of Komatsu. **THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OR OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE**.

(Ex. A at 1, 3.)

The Court finds Komatsu's disclaimer of the warranties of fitness and merchantability to be effective under North Carolina law. The relevant language is sufficiently conspicuous and specific to satisfy the statutory standard. The language of the three-page document is not so sophisticated or obtuse as to be unintelligible or confusing to a purchaser such as Plaintiff's insured. None of the cases cited by Plaintiff support its argument to the contrary. Indeed, one of the cases cited by Plaintiff clearly supports this Court's finding that the capital-lettered disclaimer contained in the express warranty is sufficiently conspicuous. *Lee v. R & K Marine, Inc.*, 165 N.C. App. 525, 529 (2004). Because Komatsu effectively disclaimed any implied warranties of merchantability or fitness, the motion to dismiss

-5-

Plaintiff's Second and Third Claims will be granted. Plaintiff has not opposed dismissal of its Fourth and Fifth Claims, for product liability and negligence, respectively.

## ORDER

Because Komatsu effectively disclaimed any implied warranties of merchantability and fitness, and because Plaintiff has not opposed dismissal of its products liability or negligence claims, **IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's Second, Third, Fourth and Fifth Claims for Relief (Pleading No. 8) be, and is hereby, **GRANTED**.

                                       /s/ P. Trevor Sharp
                                  United States Magistrate Judge

Date: June 6, 2007

-6-

Case 1:06-cv-00827-PTS   Document 24   Filed 06/06/07   Page 6 of 6