IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AUTO-OWNERS INSURANCE )
COMPANY, )
 )
        Plaintiff, )
 )
   v. ) 1:06CV827
 )
KOMATSU AMERICA CORP. )
and KOMATSU AMERICA )
WARRANTY CORP., )
 )
        Defendants. )

### MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

This matter comes before the Court on a motion to remand (Pleading No. 28) filed by Plaintiff Auto-Owners Insurance Company ("Auto-Owners"). Defendants Komatsu America Corp. and Komatsu America Warranty Corp. (collectively, "Komatsu") have opposed the motion and Plaintiff has filed a reply. The motion is ready for a ruling.

### Factual and Procedural Background

Plaintiff seeks to recover on several subrogation-related claims for property insurance payments it made to its insured, the owner of a Komatsu excavator that was destroyed by fire on or about June 27, 2003. (Pleading No. 5, Complaint ("Compl.") ¶ 13.) As a result of the

fire, Plaintiff's insured made a claim for property damage with Plaintiff and Plaintiff paid the claim, thereby becoming subrogated to the rights of its insured. (*Id.* ¶ 20.)

Auto-Owners filed this action on or about August 7, 2006 in the Superior Court of the State of North Carolina for Alamance County, seeking to recover for the total loss of the excavator. Komatsu removed the action to this Court on September 25, 2006, based on diversity of citizenship jurisdiction. (Pleading No. 1.) Auto-Owners now moves to remand the action on grounds that the amount in controversy requirement is not satisfied and subject matter jurisdiction is therefore lacking. (Pleading No. 28.) Komatsu opposes the motion.

**Discussion**

Title 28, United States Code, Section 1441(a) provides for removal of a civil action from state court to federal court if the case could originally have been brought there. The burden of establishing federal jurisdiction rests with the party seeking to litigate in federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Because Komatsu is the party seeking removal, it has the burden of establishing by a preponderance of the evidence that jurisdiction is proper in this forum. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994); *Dash v. FirstPlus Home Loan Trust*, 248 F. Supp. 2d 489, 496-97 (M.D.N.C. 2003).

Komatsu removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no dispute that the parties are citizens of different states. Therefore, the question for purposes of diversity jurisdiction is whether the "matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of the case as it stands at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). The sum claimed by a plaintiff in the complaint ordinarily determines the jurisdictional amount, but in cases where the amount sought is unclear, "the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Dash*, 248 F. Supp. 2d at 498-99 (citations omitted).

In this case, the demand, as contained in the Complaint, is simply for "damages in excess of $10,000.00" (Compl. ¶¶ 26, 32, 39, 45, 48, 50, p. 6.) Auto-Owners relies on its initial disclosure and two pre-litigation settlement demands to argue that the amount in controversy is properly calculated by subtracting the salvage value ($31,665.05) of the damaged excavator and the deductible ($5,000.00) from the replacement cost of the damaged property ($109,200.00), placing the maximum recovery at $72,534.95. (Pleading No. 29.)

In response, Komatsu correctly points out that the Complaint lists the purchase price of the excavator as $130,164.00 (Compl. ¶¶ 10, 48), and that Auto-Owners seeks not only the cost to repair or replace the machine, but also an unquantified amount representing expenditures related to its efforts to recoup the loss. (Compl. ¶¶ 26, 32, 39, 45, 48, 50.) Even using Auto-Owners' figure of $104,200.00, and subtracting the salvage payment and

deductible (resulting in a figure of $67,534.95), the Court must also consider the expenses sought by Auto-Owners for recouping its loss (amounting to $11,711.25, as demonstrated by attachments to Komatsu's brief) and add those to Auto-Owner's figure. (Pleading No. 30, Exs. B, C and D.) Auto-Owners attempts to characterize these items as excludable "costs," but clearly they are not the type of costs meant to be included in the term "exclusive of interest and *costs*," 28 U.S.C. § 1332 (emphasis added), which is properly understood to refer to "costs" incidental to court proceedings. Adding the items of damages, which are specifically sought in the Complaint and which the record reflects amount to $11,711.25, to the $67,534.95 figure, the Court finds that Komatsu has established a reasonable likelihood that Auto-Owners could recover under the Complaint as it stood at the time of filing and of removal approximately $84,246.32, an amount in excess of $75,000 exclusive of interest and costs. The Court has subject matter jurisdiction.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand (Pleading No. 28) is denied. **IT IS FURTHER ORDERED** that this case is tentatively set for jury trial between February 19, 2008 and March 21, 2008. The parties shall confer regarding a convenient trial date and shall then contact the Judicial Assistant for the undersigned at 336-332-6120.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: November 5, 2007